UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID GRAYS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:07-CV-2117-HEA |
| ) | |
| DWAYNE KEMPKER, ) | |
| ) | |
| Respondent. ) | |

## OPINION, ORDER AND MEMORANDUM

This matter is before the Court upon the application of David Grays for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner, an inmate at the Algoa Correctional Center, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his November 29, 1990 conviction for drug-related offenses imposed by the Circuit Court of St. Louis County, Missouri. The Missouri Court of Appeals affirmed the judgment on June 22, 1993. Thereafter, on September 6, 2006, petitioner states that he filed a motion to recall the mandate, which was denied on March 19, 2007. In the instant action, petitioner asserts three claims of ineffective assistance of counsel. In addition, petitioner asserts, as follows:

> The one-year statute of limitations does not bar this petition[] . . . because a state created impediment to filing an application created by state action in violation of the

> constitution or laws of the United States 'has not been removed' which continuously [sic] to prevent [petitioner] from filing specifically under Missouri Supreme Court case law, a judicial [sic] created remedy was the sole means by which Missouri provided [him] to challenge his direct appeal.

The Court's records show that petitioner has previously brought a § 2254 application for a writ of habeas corpus challenging his November 29, 1990 conviction on the grounds of ineffective assistance of counsel. *See Grays v. Kempker*, No. 4:07-CV-955-HEA (E.D. Mo.). This Court ordered petitioner to show cause as to why the action should not be dismissed as time-barred. *Id*. [Doc. #9]. Petitioner filed his response, setting forth an argument for equitable tolling and a "state-created impediment." *Id*. [Doc. #14]. On November 15, 2007, this Court dismissed the petition as time-barred. *Id.* [Doc. #18]. Petitioner did not appeal the dismissal.

The instant action is duplicative of *Grays v. Kempker*, No. 4:07-CV-955-HEA (E.D. Mo.), and hence, is time-barred. Moreover, 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because the instant action is a successive habeas application, petitioner is required to obtain authorization from the Eighth Circuit Court of Appeals before filing the application in this Court. *See* 28 U.S.C. § 2244(b)(3)(A). There is no indication that the Eighth Circuit Court of Appeals has authorized this Court to consider petitioner's habeas application, and thus, this Court lacks jurisdiction, and the action will be summarily dismissed, without

prejudice.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue as to respondent, because the instant petition is time-barred and successive.  *See* 28 U.S.C. § 2244(b)(3)(A).

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**.

Dated this 4th day of February, 2008.

                                                HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE